[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MODIFICATION OF CUSTODY
The parties marriage has been previously dissolved. At that time the court ordered joint legal custody with physical custody with the defendant mother of the parties minor child, Paige. The father of the minor child, Paige, brings this post judgment motion to modify the orders regarding custody and residence of Paige. However, subsequently by agreement of the parties, temporary custody of Paige was transferred to the father. This temporary custody continues to today s date. CT Page 9914
At issue at the present time is whether the temporary residential custody with the father is to become permanent or is Paige to return to her mother's custody.
The father contends the child should remain in his custody since for the past few months she has been living with him and his girl friend of several years. They have a stable family life. The family consists of the girl friend's two children, plus an infant fathered by the plaintiff with the girl friend. That Paige has become a member of this family and has entered smoothly into the household routine and is a fully participating member. Her school work is very good since living with her father. Further, she has indicated that she prefers to live with her father.
The defendant mother has had an unsettled life. She had a son prior to her marriage to the plaintiff. That boy lived with the parties while the parties were living together. After the birth of Paige, the defendant stayed home and care for her. Eventually she began working again as a waitress. She began drinking and arriving home late. This led to difficulties between the parties and they separated after about seven and half years of marriage. After the separation, she moved in with another man and they lived together for approximately three years. This boy friend apparently provided a father figure for Paige. He would help her with her homework and would be at home while the mother was at work. This arrangement ended when the defendant mother became involved in an affair with another woman. The boy friend left.
The defendant mother subsequently moved to her sister's home in Columbia with her female friend and Paige. At that time living at the sister's home was her sister with her female companion and her brother with his male companion. This living arrangement adversely affected Paige. She informed her father of her dissatisfaction living with her mother in that setting. The father complained to the Department of Children and Family Services. This led by agreement of the parties to the transfer of Paige's residence from her mother's home to that of her father. The plaintiff father then brought the instant motion regarding custody. An attorney was appointed to protect the interests of the child. Further, the court referred the matter to the Family Division for an investigation and report. CT Page 9915
The counselor from the Family Division investigated the situation and developed a report together with recommended orders regarding custody and a visitation schedule.
In addition, the Department of Children and Family Services also was involved and also developed a report and recommendations as to custody. In addition, counsel for the child presented to the court her recommendations regarding custody and visitation. And, finally, counsel for the individual parties expressed arguments in behalf of custody of the child to be with his/her respective client.
Therefore, the court taking into consideration the testimony and exhibits presented at the hearing, together with the applicable statutory requirements and considerations enters the following orders:
The joint custody of the minor child, Paige, previously ordered shall continue.
The primary residence for Paige shall be with the father, with secondary residence with the mother.
The mother shall have direct parenting times scheduled as follows:
Alternate weekends from Friday after school. (Or 3:00 p.m. when school is not scheduled) to Tuesday morning at school (or noon when school is not in session), and every Wednesday from after school (or 3 :00 p.m. when no school) to Thursday morning at school (or noon when there is no school).
During school sessions mother shall pick up and drop off Paige at the school. When school is not in session mother shall pick up Paige at father's home, and father shall pick up Paige at mother's home when visit ends.
During summer when school is not in session, each parent shall have Paige for two weeks, either consecutively or non-consecutively. Notification of these vacation plans by the mother to the father is to be in writing by May 1; and, by the father to the mother by May 15. The vacation schedules will take precedence over the previously set out schedule.
During the school winter vacation, the mother shall have CT Page 9916 Paige from Friday after school until Monday at school.
During the school spring vacation, the father shall have Paige from Friday after school until Monday when she returns to school. This schedule will be in lieu of the base visiting or parenting schedule recited above.
During the Christmas school break the base parenting schedule is to remain in effect.
The existing child support schedule is terminated. Effective as of the date of this order child support is to be determined as a shared custody calculation in line with the support guidelines. However, the court finds and orders that there is a need for a deviation from the support guidelines in the amount of $15.00 per week. This deviation is based upon the defendant's need for child care costs during some of the parenting time when she is working.
It is so ordered.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE